**Hesham EL–MOSALAMY, Plaintiff—Appellant,**

v.

**LOMA LINDA UNIVERSITY MEDICAL CENTER, Defendant—Appellee.**

No. 00–55385.

D.C. No. CV–98–07823–RAP.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM **

Hesham El–Mosalamy, an unsuccessful medical residency applicant, appeals pro se

*Internal Revenue,* 848 F.2d 1007, 1008 n. 2 (9th Cir.1988).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the district court's partial dismissal and partial summary judgment in his action alleging discrimination under Title VII, the California Fair Employment and Housing Act ("FEHA"), the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1981. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam), and we affirm.

The district court properly dismissed El–Mosalamy's 42 U.S.C. § 1981 claim as barred by the applicable one year statute of limitations. *See Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993) (per curiam).

The district court properly dismissed El–Mosalamy's religious discrimination claim under FEHA because Loma Linda University Medical Center ("LLUMC") is exempt from FEHA liability as a religious not-for-profit corporation. Cal. Gov't Code § 12926(d); *Arriaga v. Loma Linda Univ.*, 10 Cal.App.4th 1556, 13 Cal.Rptr.2d 619, 621 (Cal.App.1992).

Although the district court erred by dismissing the Title VII claim for religious discrimination based on LLUMC's non-profit status, *see EEOC v. Kamehameha Schools/Bishop Estate*, 990 F.2d 458, 460 (9th Cir.1993), we conclude that the record supports summary judgment as to this claim because El–Mosalamy failed to demonstrate he was discriminated against based on his religion, *see Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889–90 (9th Cir. 1994)

Because El–Mosalamy failed to present any evidence that he was discriminated against on the basis of national origin, age or religion, the district court properly granted summary judgment to LLUMC as to El–Mosalamy's Title VII and ADEA claims. *See id.*

Because El–Mosalamy failed to raise his claims of discrimination based on race and color with the Equal Employment Occupational Commission, these claims fail as a matter of law. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir.2002) (requiring a Title VII plaintiff to exhaust her administrative remedies by filing a timely EEOC charge).

We decline to consider El–Mosalamy's claims raised for the first time on appeal. *See Janes v. Wal–Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir.2002).

El–Mosalamy's remaining claims have been considered and rejected.

AFFIRMED.